Samuel **MYERS**

v.

**TROUP INDEPENDENT SCHOOL DISTRICT, et al.**

No. 6:94 CV 666.

United States District Court,
E.D. Texas,
Tyler Division.

July 24, 1995.

Charles Gregory Shamoun, Dallas, TX, for plaintiff.

Dorcas Green, Austin, Paul Boyd, Tyler, TX, for defendants.

### Order

HANNAH, District Judge.

Pending before the court is Defendants' Motion to Dismiss (doc #18) which was con-verted to a motion for summary judgment by the Honorable William Wayne Justice. The case was then transferred to this court. The court finds that Defendants' motion regard-ing the Section 1983 claim has merit and should be granted. Plaintiff's remaining state law claims are dismissed without preju-dice.

### Background

Plaintiff Samuel Myers was injured while a senior at Troup High School and a member of the varsity football team. On September 11, 1992, Plaintiff was struck in the head and injured during a football game. Plaintiff was knocked unconscious for several seconds and as a result was taken to the sidelines. Troup ISD does not secure the presence of a physi-cian on the sidelines of a football game. Approximately five minutes later, Plaintiff was sent back in to play the remainder of the game without having a medical physician ex-amine him. One week later, after suffering from dizzy spells at practices, Plaintiff col-lapsed during the pre-game warm-up of the September 18th game en route to the field-house. At the hospital, cranial surgery was performed to remove a sub-dural hematoma. Plaintiff also suffered a stroke and under-went a tracheotomy. Plaintiff continues to suffer from nerve and muscle damage to his right eye, diminished mental capacity, and impaired motor skills.

Plaintiff brought suit against Troup Inde-pendent School District, the football coaches, the school superintendent, and members of the school board under 42 U.S.C. § 1983 alleging violations of the Due Process and Equal Protection clauses of the Fourteenth Amendment, under the Texas Tort Claims Act, and for negligence. Defendants moved to dismiss for failure to state a claim. De-fendants' motion was converted to a motion for summary judgment, and the parties thereafter submitted summary judgment evi-dence.

### Analysis

A party is entitled to summary judgment if it can demonstrate that there is no genuine issue of material fact and that it is entitled to

judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once a movant who does not have the burden of proof at trial makes a properly supported motion, the burden shifts to the nonmovant to show that a summary judgment should not be granted. *Id.* at 321–25, 106 S.Ct. at 2552–54. A party opposing such a summary judgment motion may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255–57, 106 S.Ct. 2505, 2513–15, 91 L.Ed.2d 202 (1986). Summary judgment is not a "disfavored procedural shortcut, but rather an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.' " *Celotex,* 477 U.S. at 327, 106 S.Ct. at 2555. When ruling on a motion for summary judgment, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting *United States v. Diebold,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)); *Hansen v. Continental Insur. Co.,* 940 F.2d 971, 975 (5th Cir.1991).

### 1. *Due Process Claim*

■ To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 2254–55, 101 L.Ed.2d 40 (1988). Plaintiff claims that his substantive due process rights under the Fourteenth Amendment were violated when he was sent back into the football game

without first being examined by a physician, ultimately resulting in serious bodily injury. Plaintiff invokes the Fourteenth Amendment's protection from damage to a person's bodily integrity. *See Jefferson v. Ysleta Indep. School Dist.,* 817 F.2d 303 (5th Cir.1987).

■ To the extent that Plaintiff complains of injuries caused by the opposing team's players, the court's analysis is guided by *DeShaney v. Winnebago Co. Dep't of Soc. Serv.,* 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989), *Walton v. Alexander,* 44 F.3d 1297 (5th Cir.1995) *(en banc),* and *Leffall v. Dallas Indep. School Dist.,* 28 F.3d 521 (5th Cir.1994). The general rule is that the Due Process Clause is not violated by a state's failure to protect an individual from private violence unless a plaintiff can demonstrate the existence of a "special relationship" between the state and himself that would justify exception to the general rule. *DeShaney,* 489 U.S. at 197–200, 109 S.Ct. at 1004–1006.[1] "[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty and property of its citizens against invasion by private actors" unless the State has made an affirmative act restraining the individual's freedom to act on his own behalf. *Id.* The Fifth Circuit has held that "only when the state, by its affirmative exercise of power, has custody over an individual *involuntarily or against his will* does a 'special relationship' exist between the individual and the state." *Walton,* 44 F.3d at 1303. Such examples of involuntary custody include incarceration and institutionalization. *DeShaney,* 489 U.S. at 200, 109 S.Ct. at 1005–06.

The Fifth Circuit has held that no special relationship exists between a school district and its students during a school-sponsored dance held *outside* of the time during which students are required to attend school for non-voluntary activities. *Leffall,* 28 F.3d at 529. The *Leffall* decision does leave unan-

---

1. Some courts have noted that *"DeShaney ...* leaves the door open for liability in situations where the state creates a dangerous situation or renders citizens more vulnerable to danger." *Reed v. Gardner,* 986 F.2d 1122, 1125 (7th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 389, 126 L.Ed.2d 337 (1993). *See also Graham v. Independent School Dist. No. I–89,* 22 F.3d 991, 995 (10th Cir.1994); *L.W. v. Grubbs,* 974 F.2d 119 (9th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2442, 124 L.Ed.2d 660 (1993). This state-created danger doctrine necessarily involves affirmative conduct on the part of the state in placing the plaintiff in danger. Plaintiff does not appear to be asserting the doctrine, but in any event the Fifth Circuit has yet to recognize it.

swered the question whether a special relationship can exist between a school district and its students *during* the time which students are required to attend school for non-voluntary activities. Along those lines, Plaintiff asserts that he participated in football to meet physical education requirements in order to graduate; thus his participation was non-voluntary. However, Defendants have submitted an affidavit by the superintendent of Troup ISD which states that Plaintiff met his physical education requirements to graduate by the end of his sophomore year. Thus his participation in high school football his senior year was voluntary. The court concludes that no special relationship exists between Plaintiff and Defendants because Plaintiff's participation in high school football his senior year was, in this case, voluntary. Thus this court need not address the question left unanswered in *Leffall.*

The aforementioned cases involve injury caused by a third party. Plaintiff also maintains that his injuries were caused by state actors. Although it was clear to the *Walton* court that the injury was caused by a third party and that a duty to protect does not spring forth from voluntary placement of a student into the custody of a state school, Plaintiff's claim raises a distinction. Plaintiff asserts that his injuries were caused by a state actor's affirmative act of sending him back into a football game five minutes after he previously was knocked unconscious and without a medical examination. To the extent that a state actor is alleged to have affirmatively caused injury, *Doe v. Taylor Indep. School Dist.,* 15 F.3d 443 (5th Cir. 1994) (*en banc*), and *Jefferson v. Ysleta Indep. School Dist.,* 817 F.2d 303 (5th Cir.1987), apply.

In *Jefferson* the Fifth Circuit held that a teacher who lashes a second grade student to a chair for the better part of two school days violates the student's substantive due process right to be free from state-occasioned damage to her bodily integrity. 817 F.2d at 305. The court applied that holding in *Doe v. Taylor* to a school employee who physically and sexually abuses a student. 15 F.3d at 445. Plaintiff now asks this court to extend the holdings in *Jefferson* and *Doe* to find that

a claim exists under the Due Process Clause when students are sent in to play a football game five minutes after leaving the field upon being knocked unconscious without the benefit of a medical exam. This the court cannot do.

■ "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan,* 443 US. 137, 146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979). The Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss or injury to life, liberty, or property. *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). To conclude otherwise would trivialize the Fourteenth Amendment by making every negligent act by a state actor that caused physical injury a constitutional violation. Plaintiff's claims are grounded in negligence; they do not raise a constitutional question. This court is unaware of any opinion among the federal courts where such a claim as presented in the case at bar has been recognized. The court concludes that Plaintiff fails to raise a genuine issue of material fact as to the existence of a claim under the Due Process Clause of the Fourteenth Amendment and Section 1983.

### 2. *Equal Protection Clause*

Plaintiff fails to assert any facts, much less provide summary judgment evidence, to support an Equal Protection claim. Therefore to the extent Plaintiff's § 1983 claim is based on any purported violation of the Equal Protection Clause, it is dismissed.

### 3. *State Law Claims*

■ The only claims remaining are state law claims. The general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed. *Parker & Parsley Petroleum Co., et al. v. Dresser Industries, et al.,* 972 F.2d 580 (5th Cir.1992). The court concludes that these issues should be resolved in state court. Therefore the remaining claims are dismissed without prejudice.

#### 4. *Motion for Leave to File a First Amended Original Complaint*

Plaintiff requests in the alternative that, in the event this court is inclined to grant Defendant's Motion to Dismiss, Plaintiff be allowed to amend his complaint. The court denies Plaintiff's request to amend the complaint because to do so would be futile. *Leffall*, 28 F.3d at 524, 532. It is therefore

ORDERED that Defendant's Motion to Dismiss converted to a Motion for Summary Judgment is GRANTED with respect to the Section 1983 claim. It is further

ORDERED that the state law claims remaining are dismissed without prejudice.