# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 25, 2022

Lyle W. Cayce
Clerk

No. 21-40519
Summary Calendar

Chase Yarbrough,

*Plaintiff—Appellant*,

*versus*

Sante Fe Independent School District; Doctor Leigh Wall; Mark Kanipes; Richard Davis; Jess Golightly; Matthew Bentley; Christopher Cavness; Raymond Buse; Marie Griffin; Taylor Wulf,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:20-CV-322

Before King, Costa, and Ho, *Circuit Judges*.

Gregg Costa, *Circuit Judge*:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40519

A high-school student suffered a concussion during football practice. The student brought a constitutional claim against the school district and several of its officials for failing to protect him from bodily harm. The district court dismissed the suit, finding no substantive due process claim. We AFFIRM.

I

Chase Yarbrough played football for Santa Fe High School. At practice one day, the coaching staff instructed Yarbrough and his teammates to perform a drill in which half the players tried to prevent the others from crossing the line of scrimmage. Yarbrough was matched against an older and substantially larger student. The two players repeatedly collided as the coaching staff instructed them to run the drill again and again "and to hit harder, harder, harder."

After practice, Yarbrough began to experience a severe headache. He contacted his mother, who told him to go to the school nurse. The nurse sent Yarbrough to the football trainer, who instructed Yarbrough to sit out afternoon practice. Yarbrough followed that instruction, but his headache persisted. The next day, the trainer directed Yarbrough to seek medical treatment.

A day later, Yarbrough went to a sports medicine clinic, where he was diagnosed with a concussion and cervical sprain. The doctor advised Yarbrough that he had likely suffered an initial injury at an earlier practice and had been playing football with a concussion for a few weeks.

After his diagnosis, Yarbrough continued to experience concussion-related symptoms. As a result, Yarbrough filed this suit against the Santa Fe Independent School District and various members of its athletics staff. Yarbrough alleged that the defendants violated his Fourteenth Amendment right to bodily integrity by subjecting him to dangerous football drills. The

No. 21-40519

defendants moved to dismiss Yarbrough's claims, arguing first and foremost that Yarbrough had failed to allege a colorable constitutional violation. The district court agreed and dismissed Yarbrough's claims with prejudice.

## II

To state a claim for violation of his liberty interest in bodily integrity, Yarbrough must show either (1) that the constitutional violation was caused by a state actor or (2) that the defendants had a constitutional duty to protect him from a nonstate actor. *See Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 855 (5th Cir. 2012) (en banc). Yarbrough cannot succeed under the first theory because he was injured by his teammate, a nonstate actor. The question then is whether the defendants had a constitutional duty to protect Yarbrough from his teammate.

Generally, the government is not obligated to protect its citizens from violence by third parties. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 199–200 (1989). Some of our sister circuits have recognized an exception to the rule, under which "a state may be liable for private violence if it created or exacerbated the danger." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 466 (5th Cir. 2010). Yarbrough asks us to apply that exception here. We have "repeatedly declined to recognize the state-created danger doctrine in this circuit." *Joiner v. United States*, 955 F.3d 399, 407 (5th Cir. 2020); *see also Cook v. Hopkins*, 795 F. App'x 906, 914 (5th Cir. 2019); *Estate of C.A. v. Castro*, 547 F. App'x 621, 627–28 (5th Cir. 2013); *Doe*, 675 F.3d at 866; *Beltran v. City of El Paso*, 367 F.3d 299, 307 (5th Cir. 2004). Once again, we need not decide the question because even if we were to recognize the doctrine, it would not apply to this case.

To prove a state-created danger, Yarbrough would have to show that the defendants used their authority to place him in immediate danger and did so with "deliberate indifference" to his plight. *See Doe*, 675 F.3d at 865; *see*

3

*also Lester v. City of College Station*, 103 F. App'x 814, 815 (5th Cir. 2004) ("[L]iability exists only if the state actor is aware of an immediate danger facing a known victim."). Football is dangerous. But football does not present such an immediate or specific danger to the players that schools and coaches can be held liable for any injuries that result. Indeed, courts have frequently rejected civil-rights claims based on football injuries—some of which involved more glaring and unreasonable dangers than those at bar. *See e.g.*, *Davis v. Carter*, 555 F.3d 979, 984 (11th Cir. 2009) (finding no liability for the death of a player who was refused water during a strenuous football practice); *Myers v. Troup Indep. Sch. Dist.*, 895 F. Supp. 127, 130 (E.D. Tex. 1995) (same for a player who suffered nerve and muscle damage after he was ordered back onto the field moments after being knocked unconscious); *see also Lesher v. Zimmerman*, 822 F. App'x 116, 118 (3d Cir. 2020) (finding no liability when softball practice left plaintiff with a fractured jaw and four lost teeth).

Even if Yarbrough could show that football is a qualifying danger, his claim would still fail because the defendants did not act with deliberate indifference by allowing Yarbrough to participate. *See Doe*, 675 F.3d at 865. "To act with deliberate indifference, a state actor must know of and disregard an excessive risk to the victim's health or safety." *McClendon v. City of Columbia*, 305 F.3d 314, 326 n.8 (5th Cir. 2002) (cleaned up). Yarbrough does not allege that his coaches knew he was concussed and forced him to play anyway. Nor does he allege that he suffered any obvious injury during football practice, which should have led coaches to take him off the field. Rather, Yarbrough's headaches started *after* practice concluded, and days after he was initially injured. And, once school officials knew that Yarbrough was injured, they immediately instructed him to avoid football until he could consult a doctor. Yarbrough has thus failed to plead facts showing that the defendants consciously disregarded an immediate threat to his safety.

No. 21-40519

Without such allegations, Yarbrough's claim could not succeed even if we were to embrace the state-created danger theory.

There is growing debate in this country about the dangers of football. The problem of concussions has reached the court system via tort suits. *See, e.g.*, *In re: NFL Players' Concussion Injury Litig.*, 821 F.3d 410 (3d Cir. 2016). But we do not see a role for the Constitution in the weighing of risks and benefits that participants in America's most popular sport must make.

\* \* \*

The judgment of the district court is AFFIRMED.