**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 7, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-20906
Summary Calendar

_____

CATHERINE LESTER,

Plaintiff-Appellant,

versus

CITY OF COLLEGE STATION; SONIA J. PIERSALL,

Defendants-
Appellees.

-----------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-1488
-----------------------------------------------------------

Before SMITH, DeMOSS AND STEWART, Circuit Judges.

PER CURIAM:[*]

Catherine Lester appeals the summary-judgment dismissal of her 42 U.S.C. § 1983 lawsuit,

asserting a claim against Officer Sonia Piersall under the state-created-danger theory of liability and

a claim against the City of College Station, Texas. Lester contends that the district court erred in

determining that Officer Piersall was qualifiedly immune, but she makes no argument regarding the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

dismissal of her claim against the city, and that claim is deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

This court reviews de novo the grant of a motion for summary judgment predicated on qualified immunity. Cousin v. Small, 325 F.3d 627, 637 (5th Cir.), cert. denied, 124 S. Ct. 81 (2003). Although this court has neither adopted nor accepted the state-created-danger theory of liability, even assuming such theory of recovery is available in this circuit, Lester's claim against Officer Piersall was properly dismissed. The undisputed summary-judgment evidence shows that Officer Piersall's conduct was not arbitrary in the constitutional sense. See Collins v. City of Harker Heights, Tex., 503 U.S. 115, 125, 128 (1992). The evidence falls short of establishing deliberate indifference on Officer Piersall's part. See McKinney v. Irving Indep. Sch. Dist., 309 F.3d 308, 313 (5th Cir. 2002), cert. denied, 537 U.S. 1194 (2003). At worst, Officer Piersall was negligent, but her negligence is not actionable. See McClendon v. City of Columbia, 305 F.3d 314, 325 (5th Cir. 2002) (en banc). Because the evidence does not show that Officer Piersall used her authority to create or increase any danger to Lester, there is no constitutional violation, and the district court did not err in determining that Officer Piersall was entitled to qualified immunity. See Johnson v. Dallas Indep. Sch. Dist., 38 F.3d 198, 201 (5th Cir. 1994); see also Saucier v. Katz, 533 U.S. 194, 201 (2001).

Moreover, in this circuit, even if it is assumed that the state-created-danger theory applies, liability exists only if the state actor is aware of an immediate danger facing a known victim. See Saenz v. Heldenfels Bros., Inc., 183 F.3d 389, 392 (5th Cir. 1999). Consequently, because Lester was unknown to Officer Piersall, the theory is "inapposite," and the claim fails. See id.

Lester acknowledges Saenz but asks this court to reconsider that holding, urging that the state-created-danger theory should apply to all foreseeable victims, citing other circuits in which that

is the case. A panel of this court cannot overrule a prior panel's decision in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court. <u>Burge v. Parish of St. Tammany</u>, 187 F.3d 452, 466 (5th Cir. 1999). No such decision overruling <u>Saenz</u> exists. Accordingly, Lester's argument is foreclosed.

The district court's judgment is AFFIRMED.