**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-60559
Summary Calendar

DOYLE MARTIN

Plaintiff-Appellant

v.

WARING INVESTMENTS INC., formerly known as Waring Oil Company;
WARING OIL COMPANY LLC; PAT HURST, Individually and In Her Official
Capacity as Supervisor

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:06-CV-26

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Doyle Martin ("Martin"), a sixty-three year old, white male, filed suit against Waring Investments, Inc. and his supervisor Pat Hurst, individually and in her official capacity, (jointly "Waring") alleging employment discrimination based on race and sex discrimination in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1), and age discrimination in violation of the Age Discrimination in

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Employment Act ("ADEA"), 29 U.S.C. § 621. The district court granted Waring's motion for summary judgment and dismissed Martin's related state law claims. Martin appeals. We AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

From May 1999 until March 2005, Martin was employed by Waring as the manager of a convenience store in Vicksburg, Mississippi. Recognizing that cash shortages may occur for a number of reasons not associated with theft, Waring implemented a cash control policy that allowed management to pinpoint the source of and explain why a cash shortage occurred. Waring's policy requires store managers to balance the cash in the store safe each morning when they begin their shifts. The manager uses "Pay Point Reports" and "Daily Shift Reports," which provide a list of all transactions for the previous twenty-four hour period. After a manager verifies the reports, he then compares that data with the amount of cash actually in the safe. The safes at Waring have a "bill reader" that actually reads and records all currency deposited into the safe. The manager deposits cash from the cash register into the safe throughout his shift.

On March 14, 2005, Hurst, Martin's supervisor, conducted a random audit of the safe at Martin's store. The audit did not demonstrate any irregularities with the functionality of the safe or bill reader. On March 21, 2005, Martin worked his full shift. On March 22, 2005, Martin arrived to work at his normal time but left work early because he became ill. When Martin returned to work on March 23, 2005, he was unable to balance the safe due to a $433.00 cash shortage. Martin then contacted Hurst to assist him in locating the time and source of the shortage.

Hurst reviewed the bill reader report, the Point Report, and the Daily Shift Report from March 22, 2005, but was unable to locate the cause of the cash shortage. Hurst then reviewed the bill reader report from March 21, 2005, but was unable to review the Pay Point Report and the Shift Report for March 21st

2

because Martin threw the reports away.[1]  Martin was suspended and ultimately terminated from Waring.

On February 27, 2006, Martin initiated a lawsuit against Waring and Hurst alleging race, sex, and age discrimination in violation of Title VII and the ADEA.  Martin also asserted pendent state law claims for defamation and intentional infliction of emotional distress against Waring and Hurst.

On May 29, 2007, Waring filed a motion for summary judgment, which the district court granted on May 29, 2008.  Martin appeals.

## II. ANALYSIS

### A. Discrimination Claims

This Court reviews the district court's grant of summary judgment *de novo*, applying the same legal standard as the district court in the first instance. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citation omitted).  Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  In making a determination as to whether there is a genuine issue of material fact, this Court considers all of the evidence in the record but refrains from making credibility determinations or weighing the evidence.  *Turner*, 476 F.3d at 343 (citation omitted).  We draw all reasonable inferences in favor of the nonmoving party, but "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Id.* (citations omitted). "Summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party." *Id.* (citation omitted).

---

[1] These reports would have been generated by Martin at the beginning of his shift on March 22, 2005.

Under Title VII it is "an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Under the ADEA, it is "'unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual . . . because of such individual's age.'" *See EEOC v. Mississippi*, 837 F.2d 1398, 1399 (5th Cir. 1988) (quoting 29 U.S.C. § 623(a)(1)). Martin has not provided direct evidence of discrimination, therefore, his Title VII and ADEA claims based on circumstantial evidence are analyzed under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). *See Turner*, 476 F.3d at 345; *see also Sandstad v. CB Richard Ellis, Inc.* 309 F.3d 893, 896 (5th Cir. 2002).

Martin must first establish a *prima facie* case of discrimination. *See Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007). The district court found that Martin successfully established a *prima facie* case of race, sex, and age discrimination.[2] Appellees agree that "whether or not Martin established a *prima facie* case of discrimination is not an issue in this appeal;" therefore, we move to the next step of the *McDonnell Douglas* burden-shifting framework.

Because Martin established a *prima facie* case of discrimination, Waring must rebut the presumption of discrimination by articulating a legitimate, nondiscriminatory reason for the adverse employment action. *Turner*, 476 F.3d at 345 (citation omitted). If Waring successfully meets this burden, Martin must then present substantial evidence that Waring's reason was pretext for discrimination. *Id.* (citation omitted). If Martin demonstrates that Waring's

---

[2] In Martin's statement of issues, he argues that the district court erred in determining that Martin failed to make out a *prima facie* case of discrimination on the basis of race. The district court did, however, find that Martin successfully demonstrated a *prima facie* case of discrimination on the basis of race, sex, and age.

proffered explanation is merely pretextual, that showing, coupled with the *prima facie* case will typically be sufficient to survive summary judgment. *Id.* To demonstrate pretext, Martin must show that Waring's legitimate, nondiscriminatory reason is not true, but is instead a pretext of discrimination.[3] *See Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004).

We hold that Waring provided a legitimate, nondiscriminatory reason for suspending and terminating Martin's employment. Waring asserts that Martin's termination was the result of an "unexplained" cash shortage. The cash shortage was unexplained because Martin failed to maintain and produce paperwork that would have aided Hurst in her attempts to pinpoint where and when the cash shortage occurred. Martin readily admitted to "throwing away" the Pay Point Report and Daily Shift Report needed to evaluate the cash transactions occurring on March 21, 2005. This hindered Hurst's investigation of the cash shortage.

Because we find that Waring has sufficiently established a legitimate, nondiscriminatory reason for suspending and terminating Martin that is not related to Martin's race, sex, or age, Martin must now demonstrate that Waring's proffered explanation is merely pretextual. Martin fails to provide evidence in support for his argument that Waring's legitimate, nondiscriminatory reason for suspending and terminating Martin is pretext.

Martin argues that a reasonable juror could have determined that Waring lied about the reasons for his termination, and that the district court improperly took on the role of trier of fact. Martin argues that he was terminated because $433.00 was missing and not because he failed to maintain and produce the Pay Point Report and Daily Shift Report, which allows this Court to infer that Waring's proffered legitimate, nondiscriminatory reason was either a *post hoc*

---

[3] A plaintiff may also show pretext by establishing that the defendant's reason, while true, is only one of the reasons for its conduct and another motivating factor is the plaintiff's protected characteristic. *See Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004). This is the "mixed-motives" alternative. This alternative, however, was not raised below and is not at issue in this appeal.

fabrication or otherwise did not actually motivate the employment action. Even assuming this is true, Martin fails to rebut Waring's legitimate, nondiscriminatory reason with evidence that his termination was related to his race, sex, or age. *See Rachid*, 376 F.3d at 312. Demonstrating a "pretext" without providing evidence that Martin's suspension and termination were related to his race, sex, or age does not allow Martin to clear the hurdles necessary to rebut Waring's legitimate, nondiscriminatory reason within Title VII and the ADEA.

Instead, Martin points to other similarly situated employees who were not terminated for cash shortages and who are not members of Martin's race or sex and who are not protected by the ADEA. The district court properly considered this evidence when it determined that Martin successfully demonstrated a *prima facie* case of discrimination. Information regarding these employees, however, is not relevant to whether he has provided evidence that Waring's legitimate, nondiscriminatory reason for terminating Martin is pretext. Martin offers no evidence to rebut Waring's legitimate, nondiscriminatory reason. Martin provides only conclusory allegations and unsubstantiated assertions, which are not sufficient to defeat a motion for summary judgment. *See Turner*, 476 F.3d at 343 (citation omitted). Thus, we AFFIRM the district court's grant of Waring's motion for summary judgement.

## B. Supplemental Jurisdiction

This Court reviews a district court's refusal to exercise supplemental jurisdiction under 28 U.S.C. § 1367 for abuse of discretion. *See Welch v. Thompson*, 20 F.3d 636, 646 (5th Cir. 1994). Under § 1367, a district court may "entertain state law claims pursuant to its 'supplemental jurisdiction,' provided the claims arise from the case or controversy over which the district court had original jurisdiction." *Welch*, 20 F.3d at 646. When all federal claims are dismissed from the case or controversy before the district court, however, § 1367(c)(3) permits the district court to exercise "wide discretion in determining

whether to retain jurisdiction over the remaining state law claims." *Welch*, 20 F.3d at 646. We hold that the district court did not abuse its discretion in dismissing Martin's state law claims without prejudice after dismissing all of Martin's federal claims. The district court was within its discretion in refusing to exercise supplemental jurisdiction over Martin's state law claims. We AFFIRM.

### III. CONCLUSION

For the foregoing reasons, the district court's judgment is AFFIRMED