# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 12, 2010

Charles R. Fulbruge III
Clerk

No. 08-11220

ELIA MOORE,

Plaintiff-Appellant,

v.

DALLAS INDEPENDENT SCHOOL DISTRICT,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CV-00009-D

Before BENAVIDES, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Appellant Elia Moore sued her employer, Dallas Independent School District (DISD) under 42 U.S.C. § 1983, alleging that the injuries she suffered as a result of a fight between two students were caused by a "state-created danger." Moore also brought a § 1983 claim for violations of her due process rights when she was terminated while on medical leave. In thorough and well-reasoned opinions, the district court granted judgment on the pleadings under Federal Rule of Civil Procedure 12(c) for DISD on the state-created-danger claim

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-11220

and summary judgement under Rule 56(c) for DISD on the due process claim. We affirm.

**I**

The district court provided a thorough and comprehensive account of the facts of the case in its rulings, so we only briefly summarize them here. Moore's lawsuit against DISD stems from two somewhat related incidents. The first incident involves a fight between two middle-school students that occurred while Moore was teaching at Marsh Middle School. Another teacher intervened to stop the fight. During the struggle, the teacher and the two students careened across the hallway and collided with Moore, causing her to fall. Moore suffered injuries to her knees, neck, and back.

The second incident involves the erroneous termination of Moore for job abandonment. In May 2005, a doctor restricted Moore from work due to disabling depression. Believing that she remained assigned to Arthur Kramer Elementary School, Moore sent in her request for disability leave from that school. But unbeknownst to Moore, she had since been transferred to Walker Middle School. As a result of apparent administrative oversight, several months passed before the request reached Walker Middle School. By the time Walker Middle School received Moore's request, the new school year had started and the school administration reported her to DISD for job abandonment. This report led to the initiation of termination proceedings. In the meantime, Moore obtained disability leave based on her injuries resulting from the altercation at Marsh Middle School. When she tried to return to work, she was informed that she had been terminated for job abandonment. After Moore informed DISD's administrative staff of this issue, she was rehired as an Academic Coordinator and obtained retroactive, fully paid assault leave. Moore continues to be employed by DISD. Moore does not dispute DISD's claim that her termination was the result of an administrative oversight.

No. 08-11220

## II

Moore sued under § 1983, asserting three causes of action: (1) deprivation of procedural due process for termination without notice, (2) deprivation of substantive due process for arbitrary and capricious termination, and (3) deprivation of her right to bodily integrity under the "state-created danger" doctrine. The district court dismissed the state-created-danger claim under Rule 12(c), holding that Moore failed to plead (1) affirmative state action or (2) deliberate indifference. *Moore v. Dallas Indep. Sch. Dist.*, 557 F. Supp. 2d 755 (N.D. Tex. 2008). The district court later granted DISD's motion for summary judgment on the due process claims, holding that no reasonable jury could conclude that Moore's termination was an official act or policy of the DISD Board of Trustees (the Board). *Moore v. Dallas Indep. Sch. Dist.*, No. 3:07-CV-00009-D, 2008 WL 5000058 (N.D. Tex. Nov. 24, 2008).

## III

We review a grant of judgment on the pleadings de novo. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b). *Id.* "Although we must accept the factual allegations in pleadings as true, a plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks and citations omitted). We likewise review a grant of summary judgment de novo, applying the same standard as the district court. *QBE Ins. Corp. v. Brown & Mitchell, Inc.*, 591 F.3d 439, 442 (5th Cir. 2009).

To state a claim under § 1983, "a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Lauderdale v. Tex. Dept. of Criminal Justice*, 512 F.3d 157, 165 (5th Cir. 2007) (internal quotation marks and citation omitted). In addition, a local government entity like an independent school district cannot be

3

held liable under a respondeat superior theory; the alleged constitutional violation must constitute the official act, policy, or custom of the district. *See Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998).

Moore appeals the district court's grant of judgment on the pleadings to DISD on her state-created-danger claim. The district court held that Moore's allegations could not establish affirmative state action, an essential element of her claim. *Moore*, 557 F. Supp. 2d at 768. On appeal, Moore reasserts her claim that DISD attempted to conceal the problem of school violence by under-reporting the number of violent incidents. She argues that this under-reporting increased her risk of being injured by student fights. We agree with the district court that Moore's claims essentially sound in nonfeasance: she alleges that DISD failed to warn teachers of the level of school violence, failed to provide adequate training to teachers and failed to curb the level of violence. The district court correctly determined that these allegations cannot establish that "DISD through affirmative acts created or rendered Moore more vulnerable to the danger of being injured by student fights." *Id.* at 767.[1]

Moore also argues that the district court erred by granting summary judgment to DISD on her due process claims. The district court held that Moore had failed to show that her termination resulted from an official act or policy. *Moore*, 2008 WL 5000058 at *2–5. Moore argues on appeal that her termination was necessarily an official act of the Board of Trustees because only the Board has the power to terminate a teacher's contract. A single act can be official for

---

[1] Even if we were to construe Moore's claims as alleging that DISD took affirmative steps to conceal the number of violent incidents, those claims still must fail. Under our precedent, the state-created danger theory applies only when the state has "actual knowledge of a specific risk of harm to a known victim." *Morin v. Moore*, 309 F.3d 316, 322 (5th Cir. 2002); *see also Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 424 (5th Cir. 2006). Moore does not allege that DISD had any actual knowledge that concealing the problem of school violence created a specific risk of harm to *her*. Rather, she alleges that DISD's actions increased the danger to all school personnel, a large class of people that happened to include her. Under our precedent, the state-created danger theory is inapplicable to this type of situation.

the purposes of establishing liability under § 1983 if "the decision to adopt that particular course of action is properly made by [DISD's] authorized decision-makers." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480–81 (1986); *Gonzalez v. Ysleta Indep. Sch. Dist.*, 996 F.2d 745, 754 (5th Cir. 1993).

As the district court noted, Moore presented no competent summary judgment evidence that the Board "ever considered terminating [her], let alone actually voted to discharge her." *Moore*, 2008 WL 5000058 at *4. We agree with the district court that "a reasonable jury could only find that the DISD administration (rather than the Board) acted to terminate Moore." *Id.* at *5. We likewise agree with the district court that the Board is the final policy-making authority for DISD in matters of employment decisions and has not delegated such authority to the DISD administrative staff. *Id.* at *5. In light of Moore's failure to present any summary judgment evidence that she was terminated by a decisionmaker with final authority to establish DISD policy regarding termination for job abandonment, the district court correctly granted summary judgment to DISD on Moore's due process claims.

## IV

For essentially the same reasons set forth in the district court's well-reasoned and thorough opinions of March 14, 2008 and November 24, 2008, we affirm the grant of judgment on the pleadings and the grant of summary judgment for DISD.

AFFIRMED.