# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 17, 2010

No. 09-20508

Lyle W. Cayce
Clerk

MARY WALKER, Individually and as a Personal Representative of the
Estate of Michael Dewayne Walker; MICHAEL SPENCER, Individually and
as a Personal Representative of the Estate of Michael Dewayne Walker,

Plaintiffs - Appellees

v.

BRAD LIVINGSTON, Executive Director of Texas Department of Criminal
Justice; JASON HEATON, Warden of Ferguson Unit of Texas Department of
Criminal Justice; RALPH BALES, Safe prison Program Manager of Texas
Department of Criminal Justice; MICHAEL UPSHAW, Warden of Ferguson
Unit; JASON PFLEIDERER, prison guard/employee of Ferguson Unit;
LEONARD LASKOWSKI, prison guard/employee/picket of Ferguson Unit,

Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-530

Before GARWOOD, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In this case, the plaintiffs, individually and as representatives of the estate

of Michael Walker, deceased, bring multiple claims under 42 U.S.C. § 1983 and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

supplemental survival and wrongful death claims under Texas state law against multiple defendants, in both their official and individual capacities. The plaintiffs' claims arise entirely from the assault and death of Michael Walker, a prisoner in the Ferguson Penitentiary, a Texas correctional facility, at the hands of his cellmate. The defendants are either guards, past wardens of the prison, or supervisory officials in charge of statewide correctional policy. The defendants present an interlocutory appeal for review based on the denial of their motion for summary judgment on Eleventh Amendment immunity and qualified immunity grounds.

## I. Sovereign Immunity

The defendants may assert any immunity that the governmental entity possesses against any claim against the defendants in their official capacities. *Hafer v. Melo*, 112 S. Ct. 358, 362 (1991). Under the Eleventh Amendment, each state is a sovereign entity that is not amenable to suit of an individual without its consent.[1] *Seminole Tribe of Fla. v. Florida*, 116 S. Ct. 1114, 1122 (1996). Congress may abrogate the State's sovereign immunity when it (a) unequivocally expresses its intent to abrogate the immunity and (b) acts pursuant to a valid exercise of power. *Id.* at 1123. Section 1983 does not, explicitly or by its clear language, indicate on its face an intent to abrogate the immunity of the states. *Quern v. Jordan*, 99 S. Ct. 1139, 1147 (1979). However, the *Ex parte Young* doctrine allows federal jurisdiction over a suit against a state official in certain situations where that suit seeks only prospective injunctive relief in order to end a continuing violation of federal law. *Seminole Tribe of Fla.*, 116 S. Ct. at 1132 (citing *Ex parte Young*, 28 S. Ct. 441 (1908)). A section 1983 claim for damages, on the other hand, cannot overcome the Eleventh Amendment's barrier even

---

[1] The denial of Eleventh Amendment immunity is reviewed de novo, as a question of law, like other questions of subject-matter jurisdiction. *Martinez v. Tex. Dep't of Criminal Justice*, 300 F.3d 567, 573 (5th Cir. 2002).

with the help of *Ex parte Young*. *Green v. Mansour*, 106 S. Ct. 423, 426 (1985). Declaratory relief is within *Young*'s purview, but only when violations of federal law are threatened or ongoing. *Id.* at 428.

Under this line of cases, we hold that the district court erred in reinstating the plaintiffs claims for monetary damages against the defendants in their official capacity. *Ex parte Young* allows, under certain circumstances, the plaintiff to seek injunctive relief under section 1983. However, it is clear that the plaintiffs lack standing to assert claims for injunctive or declaratory relief. *See City of Los Angeles v. Lyons*, 103 S. Ct. 1660, 1667 (1983).

The plaintiffs argue that Texas has waived sovereign immunity via the Texas Tort Claims Act. *See Seminole Tribe of Fla.*, 116 S. Ct. at 1122. Specifically, the plaintiffs rely on TEX. CIV. PRAC. & REM. CODE § 101.021(2), which allows an individual to hold a governmental unit liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." However, this Court has already decided that the Texas Tort Claims Act does not waive Eleventh Amendment immunity in federal court. *Sherwinski v. Peterson*, 98 F.3d 849, 851–52 (5th Cir. 1996) (relying on language in the Tort Claims Act which requires claims to be brought in state court). Therefore, the plaintiffs do not succeed on this argument either. *See Pennhurst State Sch. & Hosp. v. Halderman*, 104 S. Ct. 900, 911 (1984) (suits based on state law in federal court seeking relief, whether prospective or retrospective, do not meet the *Ex parte Young* exception to Eleventh Amendment immunity). The official capacity damages claims are ordered dismissed with prejudice.

## II.  Qualified Immunity

The Eleventh Amendment does not grant immunity when a section 1983 claim is asserted against a state official sued in his or her personal capacity.

No. 09-20508

*Hafer v. Melo*, 112 S. Ct. 358, 364 (1991). Personal capacity defendant officials, unlike those sued in their official capacities, may assert common law personal immunity defenses such as qualified immunity. *Id.* at 362. Qualified immunity protects officials from suit if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.[2] *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009). The facts alleged, taken in the light most favorable to the party asserting the injury, must show that the officer's conduct violated a constitutional right. *Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001). Also, the constitutional right must be clearly established such that it would be clear to a reasonable officer that his or her conduct was unlawful. *Id.* The Court may address either prong first. *Pearson*, 129 S. Ct. at 818. In this case, the district court granted additional discovery to determine whether the plaintiffs had a viable claim for qualified immunity.

As an initial matter, plaintiffs assert a claim based on the state-created danger theory of liability. However, this theory is not clearly established law within this circuit such that a § 1983 claim based on this theory could be sustained. *Morin v. Moore*, 309 F.3d 316, 321 (5th Cir. 2002). Next, the plaintiffs' complaint asserts claims under the Fourth, Eighth and Fourteenth Amendments to the Constitution. Clearly established law requires that when a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that provision, and not under the general rubric of due process. *United States v. Lanier*, 117 S. Ct. 1219, 1228 n.7 (1997). Consequently, the district court erred in denying summary judgment on the plaintiffs' Fourth and Fourteenth Amendment claims. *See Petta v. Rivera*, 143 F.3d 895, 900–01 (5th Cir. 1998) (en banc).

---

[2] This Court reviews denials of qualified immunity de novo. *Price v. Roark*, 256 F.3d 364, 368 (5th Cir. 2001).

4

No. 09-20508

As to the plaintiffs' Eighth Amendment claim, a convicted state prisoner's rights spring from the protection against cruel and unusual punishment. *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). Under the Eighth Amendment, liability for inaction attaches only when a prison official's failure to act amounts to deliberate indifference to the prisoner's rights. *Id.* at 640. This is a subjective test. *Id.* at 643. Under this standard, we cannot say that the plaintiff properly alleged that the supervisory defendants were actually subjectively aware of the danger. Defendant Jason Heaton was the former warden of the Ferguson Unit. Defendant Brad Livingston was the Executive Director of the Texas Department of Criminal Justice at the time of Walker's death. Defendant Ralph Bales was the manager of the Texas Department of Criminal Justice's Safe Prisons Program. Walker's cellmate attacked and killed him the first night Walker was placed in a cell with him. The plaintiffs have not alleged any facts or any sort of knowledge on the part of these defendants that would suggest any reason to believe there was any likelihood of actual subjective awareness on their respective parts of the specific risk to Walker on that night. At the very least, the district court abused its discretion in allowing further discovery based on the plaintiffs' conclusory allegations that do not amount to or adequately reflect likelihood of actual subjective awareness or deliberate indifference. *See Bush v. Rauch*, 38 F.3d 842, 849 (6th Cir. 1994) ("A district court's decision on whether to grant additional discovery under Rule 56(f) before consideration of a summary judgment motion is reviewed for an abuse of discretion. Absolute judicial immunity, as well as qualified immunity, refers to protection from suit and not simply the assessment of liability. . . . [S]ummary judgment was properly entered without allowing further discovery.").[3]

---

[3] Similarly, plaintiffs' lack of standing to assert declaratory or injunctive relief against any of the defendants precludes such claims from affording any basis for continued discovery as against claims of sovereign immunity and/or qualified immunity.

No. 09-20508

The damages claims against defendants Heaton, Livingston, and Bales in their personal, individual capacities are ordered dismissed with prejudice.

That leaves defendant Michael Upshaw, the warden of the Ferguson unit on the night of Walker's death, who was at home at the time and was called to the scene shortly after Walker's death was discovered, defendant Leonard Laskowski, the officer at the picket booth on the floor of Walker's cell, and defendant Jason Pfleiderer, the rover charged with inspecting the various floors including Walker's. We do not believe the district court abused its discretion in allowing discovery to go forward as to the personal liability of defendants Upshaw, Laskowski and Pfleiderer, and for those three individuals to be deposed to determine whether they had an actual subjective awareness of the danger to Walker and if so, whether they were deliberately indifferent to that danger of which they were actually subjectively aware; we do, however, vacate the district court's order in so far as it denies those three last mentioned defendants' motion for summary judgment so that the district court may revisit the matter after plaintiffs have conducted appropriate discovery.

REVERSED, in part; VACATED and REMANDED, in part.