# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 4, 2012

No. 12-60515
Summary Calendar

Lyle W. Cayce
Clerk

RUBY CAROL DIXON, a Minor, by and through Her Mother and Next
Friend, Paula Dixon; and PAULA DIXON, Individually,

Plaintiffs-Appellants

v.

ALCORN COUNTY SCHOOL DISTRICT; STACY D. SUGGS, in His Official
Capacity as Superintendent of Alcorn County Schools; VAN CARPENTER, in
His Official Capacity as Principal of Kossuth Elementary School; and
TERESA WILBANKS, in Her Official Capacity

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:10-CV-92

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

After minor child Ruby Carol Dixon ("Ruby Carol") was physically
attacked by a mentally disabled classmate at school, her mother brought suit
against the school district and its representatives. She alleged that the school

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 12-60515

deprived Ruby Carol of her substantive due process rights by failing to remove the mentally disabled child from the classroom despite his history of troubling and aggressive behavior. The district court granted summary judgment against Ruby Carol and her mother and dismissed their claim. We AFFIRM.

I.

Ruby Carol was enrolled in the fourth grade at Kossuth Middle School during the 2009–2010 school year. A second child, L.L., was enrolled at Kossuth Middle School as a fourth grade special education student during that time. Although L.L. was a special education student, he interacted with the normal fourth grade class for part of each school day.

L.L. was a troubled student with a documented history of emotional outbursts and misbehavior. During the first half of the fourth grade school year, L.L. was disciplined for multiple incidents of misconduct, including hitting his teacher with his lunchbox, slamming the classroom door in another child's face, kicking a student in the leg, making threatening remarks, and otherwise misbehaving. Though L.L. did not violently attack other children, he often exhibited aggressive behavior, made disturbing remarks, and used violent imagery.

L.L.'s behavior problems were known to many school officials. Kim Hamm, Supervisor of Curriculum and Instruction at the School District, and Van Carpenter, Principal of Kossuth Elementary School, each opined that L.L. should be taken out of the regular classroom and placed in a day treatment program. L.L.'s teacher, Holly Seago, also documented her concerns that L.L. might injure her or a student. Despite these concerns, Superintendent Stacy Suggs determined that L.L. should remain in the regular classroom environment.

Although L.L. did not focus his outbursts on any particular students, L.L. directed his comments towards Ruby Carol on two occasions in February 2010. On February 23, 2010, Ruby Carol was absent and L.L. stated to his entire class,

No. 12-60515

"I am just happy Ruby Carol is not here." On February 26, L.L. told Ruby Carol to "Stop looking at me, you enemy!"

L.L.'s misconduct reached a climax on March 4, 2010, when Ruby Carol accidentally bumped into L.L. while waiting to sharpen her pencil. L.L. immediately grabbed Ruby Carol, held her head against the wall, and proceeded to rub a Clorox cleaning wipe into her eye. During this outburst, he told her that she was a "fat little bitch" and that he was washing the "f\*\*k" germs out of her eyes. Ruby Carol received medical treatment for the injury to her eye.

Ruby Carol's mother filed suit against the school district, Superintendent Suggs, Principal Carpenter, and special education instructor Teresa Wilbanks ("Defendants"). Specifically, her complaint alleged that the school deprived her and her daughter of substantive due process under 42 U.S.C. § 1983 by failing to immediately remove L.L. from Ruby Carol's classroom when the school became aware of his violent propensities.

The Defendants subsequently filed a motion for summary judgment, which the district court denied, and a motion for reconsideration, which the district court also denied. Following this Court's recent decision in *Doe v. Covington County School District*, 675 F.3d 849 (5th Cir. 2012) (en banc), the Defendants filed a motion for relief from the district court's order denying their previous motions. Based on this recent authority, the district court found that the plaintiffs could no longer state a viable substantive due process claim against Defendants and granted the motion.

## II.

We review an order granting a motion for summary judgment *de novo*. *Storebrand Ins. Co. U.K., Ltd. v. Emp'rs Ins. of Wausau*, 139 F.3d 1052, 1055 (5th Cir. 1998). Summary judgment is warranted when the pleadings, depositions, interrogatories, and admissions on file, together with the affidavits,

No. 12-60515

if any, show that there is no genuine issue as to any material fact. FED. R. CIV. P. 56; *Celotex v. Catrett*, 477 U.S. 317, 322 (1986).

### III.

The lone issue presented by this appeal is whether this Court should adopt the "state-created danger" theory of liability in the circumstances of the instant case. Already adopted by several circuits,[1] the state-created danger theory of liability is derived from language in the Supreme Court's decision in *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189 (1989). The *Deshaney* Court held that substantive due process did not impose a duty on state actors to protect citizens from harm by private parties. *Id.* at 195–96. However, the Court's reasoning appeared to leave room for some form of liability:

> While the State may have been aware of the dangers that [the victim] faced in the free world, it played no part in their creation, nor did it do anything to render him any more vulnerable to them. . . . [The State] placed him in no worse position than that in which he would have been had it not acted at all.

*Id.* at 201.

Though this Court has consistently refused to adopt the state-created danger theory,[2] we have stated the elements that such a cause of action would require were we to recognize it. Specifically, a plaintiff would have to show (1) that the environment created by the state actor is dangerous, (2) the state actor must know it is dangerous (deliberate indifference), and (3) the state actor must have used its authority to create an opportunity that would not otherwise have

---

[1] *See, e.g., Jackson v. Indian Prairie Sch. Dist.* 204, 653 F.3d 647, 654 (7th Cir. 2011); *Lombardi v. Whitman*, 485 F.3d 73, 80 (2d Cir. 2007); *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1066–67 (6th Cir. 1998); *Kneipp v. Tedder*, 95 F.3d 1199, 1211 (3d Cir.1996); *Carlton v. Cleburne Cnty.*, 93 F.3d 505, 508 (8th Cir. 1996).

[2] *Doe*, 675 F.3d at 865 ("We decline to use this en banc opportunity to adopt the state-created danger theory in this case."); *see also Kovacic v. Villarreal*, 628 F.3d 209, 214 (5th Cir. 2010).

existed for the third party's crime to occur. *See Doe*, 675 F.3d at 865.[3] "Critically, this court has explained that the 'state-created danger theory is inapposite without a known victim.'" *Id.* (quoting *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 424 (5th Cir. 2006)).

Recognizing that this Court has not yet adopted her proposed theory of liability, Dixon argues that the egregious circumstances of this case present the right scenario for the Court to do so now. However, as this Court has done before, we need not determine the appropriateness of adopting the state-created danger theory in our Circuit if the plaintiff's allegations or evidence fail to satisfy one of the theory's elements as interpreted by our caselaw. *See, e.g.*, *id.* at 866; *Piotrowski v. City of Houston*, 51 F.3d 512, 517 (5th Cir. 1995).

The starting point for our analysis must be our recent en banc decision in *Doe*, where this Court declined to adopt the state-created danger theory in a very similar context. 675 F.3d 849. In *Doe*, an elementary school permitted a nine-year-old girl to be checked out of school six different times by a man to whom she bore no relation and who did not have the requisite pre-approval of her parents. *Id.* at 853. On each occasion, the man posed as one of her parents to check her out of school, sexually molested her, and then returned her to school. *Id.* In support of their state-created danger claim, the girl's parents alleged that school

---

[3] Descriptions of the state-created danger theory of liability often appear to identify only two elements. However, the second element is then subdivided into three prongs, which combine to subsume the original first element:

> [T]he state-created danger theory requires a plaintiff to show (1) the defendants used their authority to create a dangerous environment for the plaintiff and (2) that the defendants acted with deliberate indifference to the plight of the plaintiff. To establish deliberate indifference for purposes of state-created danger, the plaintiff must show [a] that the environment created by the state actors must be dangerous; [b] they must know it is dangerous; and [c] they must have used their authority to create an opportunity that would not otherwise have existed for the third party's crime to occur.

*Doe*, 675 F.3d at 865 (citations omitted) (internal quotation marks omitted).

officials received complaints and inquiries about the school's check-out procedures and had safety meetings and discussions concerning their check-out policy and procedures. *Id.* at 865. The Court found, "Nevertheless, the [plaintiff's] allegations cannot make out a state-created danger claim, as they do not demonstrate the existence of 'an immediate danger facing a *known victim.*'" *Id.* at 866 (emphasis added). Importantly, it is not enough to "allege that the school [is] aware of some general deficiencies in [one of its] polic[ies]." *Id.* Rather, the school must be aware of an immediate danger to a specific and identifiable student. *See id.*

This Court has applied the same "known victim" requirement to reject state-created danger claims in several other cases. In *Rios*, the Court found that a police officer could not be liable when an unsupervised prisoner commandeered his police car, fled, and injured a third party with the vehicle. 444 F.3d at 419. Rejecting the plaintiff's claim, the *Rios* Court noted, "There is no allegation that any alleged action . . . was taken by [the officer] with the purpose or intention of causing injury to *anyone*, much less [the victim] whom it is not alleged [the officer] in any way knew or even knew of." *Id.* at 423. In *Saenz v. Heldenfels Bros., Inc.*, we again determined that no state-created danger claim had been stated where police officers permitted a drunk truck operator to continue driving down the highway. 183 F.3d 389, 390 (5th Cir. 1999). Although the driver subsequently injured someone in a collision, we found that a state officer "cannot offend due process by permitting an intoxicated driver to remain on the highway, thereby increasing the risk of harm to unidentified and unidentifiable members of the public." *Id.* at 392; s*ee also Morin v. Moore*, 309 F.3d 316, 323 (5th Cir. 2002) ("[T]he allegations in this case do not show specific knowledge of a harm to a known victim.").

Turning to the instant case, Dixon argues that Ruby Carol was a known victim of L.L. As evidence of this assertion, she relies upon L.L.'s two

No. 12-60515

statements, "I am just happy Ruby Carol is not here," and "Stop looking at me, you enemy!," as well as the teacher's documented fear of injury to her or her students. However, we have been offered no evidence suggesting that L.L.'s behavior was ever focused upon Ruby Carol such that she would have been the "known victim" of an unprecedented assault. Sad as the facts of this case may be, the record makes clear that Ruby Carol was merely one student among many who faced a generalized risk resulting from the school's attempt to integrate a mentally disabled child into a normal school environment. As our cases illustrate, the state-created danger theory requires a *known victim*, and the fact that a school's policy or procedure presents a risk of harm to students in general is inadequate to satisfy this requirement.[4] *See Doe*, 675 F.3d at 865–66. There is therefore no need to determine whether this Court should adopt the state-created danger theory of liability on the present facts.

## IV.

For the reasons stated above, the order of the district court is AFFIRMED.

---

[4] We therefore express no opinion on whether the circumstances of this case satisfy any of the other elements of the state-created danger theory of liability.