# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

No. 14-41205

August 4, 2015

Lyle W. Cayce
Clerk

MARTHA CHAVIS, individually and on behalf of the estate of Kevin Jones, deceased and on behalf of the heirs of his estate,

>  Plaintiff - Appellant

v.

LELAND BORDEN, Texas Department of Public Safety Trooper; TEJA'S ROSE NIGHT CLUB, L.L.C., doing business as Tejas Rose; CHIN TUO CHEN,

>  Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:13-CV-585

Before DAVIS, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Martha Chavis ("Chavis") brought a substantive due process claim against Texas State Trooper Leland Borden ("Borden") on behalf of her son, Kevin Jones ("Jones"), following a tragic accident in which Jones was killed. Chavis also asserted several state law dram shop liability claims

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41205

against Defendants-Appellees Teja's Rose Night Club, L.L.C. d/b/a Tejas Rose and Chin Tuo Chen (the "Tejas Rose Defendants").

Borden asserted the defense of qualified immunity and moved to dismiss Chavis's claim. The district court granted Borden's motion and declined to exercise supplemental jurisdiction over Chavis's state law claims against the Tejas Rose Defendants. We affirm.

I.

The relevant facts, which we take from Chavis's First Amended Complaint[1] and assume to be true, are as follows:

In the early morning of August 20, 2011, Pedro Rodriguez ("Rodriguez") left a bar called the Tejas Rose in Longview, Texas, and began driving on I-20 toward his home in Marshall, Texas. Rodriguez's blood alcohol level was well above the legal limit, and he did not possess a driver's license.

Borden, a trooper employed by the Texas Department of Public Safety ("DPS"), observed Rodriguez's vehicle driving 20 miles per hour over the speed limit. Borden pulled Rodriguez over and observed that Rodriguez was visibly intoxicated. Borden also discovered that Rodriguez did not have a driver's license, had two prior DWI convictions, and had an upcoming hearing on a third DWI arrest.

Rodriguez spoke little English. Borden attempted to subject Rodriguez to a sobriety test, but had difficulty getting Rodriguez to comply because of the language barrier between them. Borden ultimately gave up and terminated

---

[1] The First Amended Complaint was the live pleading when the district court dismissed the case. As we explain below, the district court did not abuse its discretion by denying Chavis leave to file her proposed Second Amended Complaint, so we will not consider the additional factual allegations in that pleading.

the sobriety test without determining Rodriguez's level of intoxication, in violation of DPS policy.

Borden gave Rodriguez two citations: one for speeding, and one for driving without a license. Borden then drove away without arresting Rodriguez or confiscating his keys, in violation of DPS policy.

Immediately after Borden left the scene, Rodriguez started his vehicle, made a u-turn, and began driving twenty miles per hour over the speed limit in the wrong direction.

As Rodriguez's vehicle barreled westbound in the eastbound lane, Jones was traveling eastbound on I-20 in his own vehicle. Jones, unlike Rodriguez, had no alcohol in his system.

Deputy Chase Doss ("Doss") of the Gregg County Sheriff's Office Patrol Division observed Rodriguez's vehicle speeding in the wrong direction. Doss activated his patrol unit's lights and siren and attempted to stop Rodriguez, but to no avail. Rodriguez crashed into Jones. Both drivers tragically perished.

Chavis sued Defendants-Appellees in federal court on Jones's behalf. Chavis asserted a 42 U.S.C. § 1983 claim against Borden under the "state-created danger" theory of liability. Chavis also asserted state-law dram shop liability claims against the Tejas Rose Defendants for serving alcoholic beverages to Rodriguez on the night of the crash.

Borden moved to dismiss Chavis's state-created danger claim pursuant to Federal Rule of Civil Procedure 12(b)(6) on qualified immunity grounds. In response to Borden's assertion of qualified immunity, the district court issued a protective order temporarily staying all discovery in the case. According to Chavis, this prevented her from obtaining video footage of Borden's interactions with Rodriguez from the dash-cam on Borden's vehicle. Although Chavis ultimately obtained a portion of the dash-cam video from a local TV station, she asserts that she did not obtain all of it.

No. 14-41205

The district court referred Borden's motion to a magistrate judge. The magistrate judge recommended that the district court dismiss Chavis's claim against Borden with prejudice and deny Chavis leave to amend her complaint. The magistrate judge further recommended that the district court decline to exercise supplemental jurisdiction over Chavis's state law claims against the Tejas Rose Defendants.

Chavis objected to the magistrate judge's report and recommendation. Chavis attached to her objections a proposed Second Amended Complaint that included additional factual allegations based on the dash-cam footage that Chavis obtained from the TV station.

After reviewing Chavis's objections *de novo*, the district court adopted the magistrate judge's report and recommendation and denied Chavis leave to file the Second Amended Complaint. Chavis now appeals the district court's judgment.

## II.

"We review *de novo* the district court's decision to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6), accepting as true the well-pleaded factual allegations in the complaint."[2] "To survive a Rule 12(b)(6) motion to dismiss, the complaint 'does not need detailed factual allegations,' but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, 'raise a right to relief above the speculative level.'"[3]

---

[2] *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) (internal quotation marks and citations omitted).

[3] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

No. 14-41205

III.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[4] "'To determine whether an official is entitled to qualified immunity, the court asks (1) whether the plaintiff has alleged a violation of a constitutional right, and (2) whether the defendant's conduct was objectively reasonable in light of the clearly established law at the time of the incident.'"[5] We may consider these two elements in either order.[6] The plaintiff bears the burden of negating the qualified immunity defense once a defendant has properly raised it.[7]

IV.

Chavis contends that Borden violated Jones's Fourteenth Amendment substantive due process rights to bodily integrity and life under the "state-created danger" theory. For the following reasons, the district court properly dismissed this claim.

A.

"The Due Process Clause of the Fourteenth Amendment does not, as a general matter, require the government to protect its citizens from the acts of

---

[4] *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

[5] *Charles v. Grief*, 522 F.3d 508, 511 (5th Cir. 2008) (quoting *Connelly v. Tex. Dep't of Criminal Justice*, 484 F.3d 343, 346 (5th Cir. 2007)).

[6] *Bryant v. Tex. Dep't of Aging and Disability Servs.*, 781 F.3d 764, 770 (5th Cir. 2015) (quoting *Thompson v. Mercer*, 762 F.3d 433, 437 (5th Cir. 2014)).

[7] *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012) (quoting *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008)).

private actors."[8] However, "this general rule is not absolute."[9] "[A] number of our sister circuits have adopted a 'state-created danger' exception to the general rule, under which a state actor who knowingly places a citizen in danger may be accountable for the foreseeable injuries that result."[10] Chavis claims that Borden knowingly placed Jones in danger by leaving Rodriguez behind the wheel of his vehicle right before he crashed into Jones.

Unlike our sister Circuits, we have repeatedly declined to decide whether such a cause of action is viable in the Fifth Circuit.[11] Nevertheless, we have identified elements that a plaintiff would need to allege if we ever recognized the state-created danger doctrine.

First, the plaintiff would have to allege that the defendant used his or her authority to create a dangerous environment.[12]

Second, the plaintiff would have to allege that the defendant "'acted with deliberate indifference to the plight of the plaintiff.'"[13] To establish deliberate indifference, the plaintiff must allege that (1) the environment created by the state actor was dangerous; (2) the state actor knew the environment was dangerous; and (3) the state actor used his or her authority "'to create an opportunity that would not otherwise have existed for the third party's crime to occur.'"[14]

A number of our opinions also state that the plaintiff would also have to allege he or she was a "known victim" of the state-created danger, rather than

---

[8] *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 312 (5th Cir. 2002) (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989)).

[9] *Id.* at 313 (citing *DeShaney*, 489 U.S. at 198).

[10] *Id.* (citing *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992) (en banc)).

[11] *See, e.g.*, *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 864-65 (5th Cir. 2012) (en banc).

[12] *Id.* at 865 (quoting *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 537-38 (5th Cir. 2003)).

[13] *Id.* (quoting *Scanlan*, 343 F.3d at 537-38).

[14] *Id.* (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 585 (5th Cir. 2001)).

merely one of many foreseeable victims of the danger in question.[15] Chavis asks us to recognize the state-created danger theory without including the "known victim" requirement as an element of the plaintiff's *prima facie* case.

We have no occasion to consider whether a plaintiff must be a "known victim" to prevail on a state-created danger claim, or, if so, whether Jones would qualify as a "known victim" under these facts. Nor must we consider whether a state-created danger cause of action exists in this Circuit at all, or whether Chavis's complaint properly alleges a constitutional violation. Assuming – without deciding – that Borden violated Jones's substantive due process rights, we conclude that Borden did not violate a constitutional right that was "clearly established" at the time of Jones's tragic death.

---

[15] *See id.* at 865-66; *Rios v. City of Del Rio*, 444 F.3d 417, 424 n.7 (5th Cir. 2006) ("'[L]iability exists only if the state actor is aware of an immediate danger facing a known victim' and does *not* extend to 'all foreseeable victims[.]'" (quoting *Lester v. City of Coll. Station*, 103 F. App'x 814 (5th Cir. 2004)) (emphasis in original)); *Morin v. Moore*, 309 F.3d 316, 322-23 (5th Cir. 2002); *Saenz v. Heldenfels Bros., Inc.*, 183 F.3d 389, 391-92 (5th Cir. 1999); *Estate of C.A. v. Castro*, 547 F. App'x 621, 627 (5th Cir. 2013); *Dixon v. Alcorn Cnty. Sch. Dist.*, 499 F. App'x 364, 367-68 (5th Cir. 2012) ("[T]he school must be aware of an immediate danger to a specific and identifiable student. . . . Ruby Carol was merely one student among many who faced a generalized risk resulting from the school's attempt to integrate a mentally disabled child into a normal school environment. . . . [T]he fact that a school's policy or procedure presents a risk of harm to students in general is inadequate to satisfy [the known victim] requirement."); *Moore v. Dallas Indep. Sch. Dist.*, 370 F. App'x 455, 458 n.1 (5th Cir. 2010) ("Moore does not allege that DISD had any actual knowledge that concealing the problem of school violence created a specific risk of harm to *her*. Rather, she alleges that DISD's actions increased the danger to all school personnel, a large class of people that happened to include her. Under our precedent, the state-created danger theory is inapplicable to this type of situation." (emphasis in original)).
  *But see Estate of Lance v. Lewisville Indep. Sch. Dist.*, 743 F.3d 982, 1002 (5th Cir. 2014) (listing elements of state-created danger cause of action without explicitly including "known victim" requirement); *Rivera v. Hous. Indep. Sch. Dist.*, 349 F.3d 244, 249 (5th Cir. 2003) (same); *Scanlan*, 343 F.3d at 537-38 (same); *McKinney*, 309 F.3d at 313-14 (same).

No. 14-41205

B.

"An official sued under § 1983 is entitled to qualified immunity unless it is shown that the official violated a statutory or constitutional right that was 'clearly established' at the time of the challenged conduct."[16] "[A] defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it."[17] For that to be so, "'existing precedent must have placed the statutory or constitutional question' confronted by the official 'beyond debate.'"[18]

When evaluating whether existing precedent "clearly establishes" a constitutional right, the Court must take care not to define the right at issue at a "'high level of generality.'"[19] "[A]n official does not lose qualified immunity merely because a certain right is clearly established in the abstract."[20] On the other hand, the plaintiff need not identify existing cases with "'materially similar'" facts.[21] "The central concept is that of 'fair warning': The law can be clearly established 'despite notable factual distinctions between the precedents relied on and the cases then before the Court, so long as the prior decisions gave reasonable warning that the conduct then at issue violated constitutional rights.'"[22]

As reckless and unprofessional as Borden's alleged conduct was, none of our Circuit's prior decisions gave Borden reasonable warning that leaving a drunk driver behind the wheel of his vehicle could violate another motorist's

---

[16] *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014) (quoting *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011)).

[17] *Id*. (citing *Ashcroft*, 131 S. Ct. at 2083-84).

[18] *Id*. (quoting *Ashcroft*, 131 S. Ct. at 2083-84).

[19] *Id*. (quoting *Ashcroft*, 131 S. Ct. at 2074).

[20] *Kinney v. Weaver*, 367 F.3d 337, 350 (5th Cir. 2004) (en banc).

[21] *Id*. (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)).

[22] *Id*. (quoting *Hope*, 536 U.S. at 740).

substantive due process rights.[23] To the contrary, this Court previously held, in a case with relatively similar facts, that a police officer did not "offend due process by permitting an intoxicated driver to remain on the highway" because his "decision, while imprudent and ultimately tragic, was not sufficiently willful and targeted toward specific harm to remove the case into the domain of constitutional law."[24]

Chavis argues that it is not dispositive that our Circuit has never recognized the state-created danger theory because there is a "robust consensus of persuasive authority" from other Circuits that could support liability under these facts. It is true that this Court "may consider the law of other circuits when determining whether a constitutional right is clearly established."[25] However,

> [t]he reluctance of this court . . . to embrace some version of the state-created danger theory despite numerous opportunities to do so suggests that, regardless of the status of this doctrine in other circuits, a reasonable officer in this circuit would, even today, be unclear as to whether there is a right to be free from "state-created danger."[26]

Thus, Chavis's claim does not satisfy the "clearly established law" element, so Borden is entitled to qualified immunity.

---

[23] *See Kovacic v. Villareal*, 628 F.3d 209, 214-15 (5th Cir. 2010); *Saenz v. City of McAllen*, 396 F. App'x 173, 177-78 (5th Cir. 2010) ("*City of McAllen*"); *Walker v. Livingston*, 381 F. App'x 477, 479-80 (5th Cir. 2010).

[24] *Saenz*, 183 F.3d at 392 (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)).

Chavis correctly observes that there are differences between the facts of this case and the facts in *Saenz*. Notably, whereas Borden pulled Rodriguez over and observed that he was intoxicated, the officer in *Saenz* merely refrained from investigating a suspected drunk driver minutes before he caused a fatal accident. Nevertheless, in light of our holding in *Saenz*, a reasonable officer in Borden's position would not have fair warning that leaving Rodriguez in his vehicle could violate Jones's constitutional rights.

[25] *City of McAllen*, 396 F. App'x at 177.

[26] *McClendon v. City of Columbia*, 305 F.3d 314, 332 n.12 (5th Cir. 2002) (en banc). *Accord City of McAllen*, 396 F. App'x at 177-78.

No. 14-41205

V.

Chavis also claims that Borden's actions violated Jones's "right to be free from conscience-shocking executive abuse of power."[27] A plaintiff may not defeat a motion to dismiss by recharacterizing an unsuccessful state-created danger claim as an "abuse of governmental authority" claim.[28] As a result, the district court properly dismissed this claim as well.

VI.

Chavis also faults the district court for not allowing her to amend her complaint to plead additional facts to support her state-created danger theory.[29] "We review the denial of leave to amend the complaint for abuse of

---

[27] *See United States v. Salerno*, 481 U.S. 739, 746 (1987) ("So-called 'substantive due process' prevents the government from engaging in conduct that 'shocks the conscience[.]'") (quoting *Rochin v. California*, 342 U.S. 165, 172 (1952)).

[28] *See Saenz*, 183 F.3d at 392 ("The appellants attempt to escape *DeShaney*'s holding by describing their argument as an "abuse of governmental authority" rather than a constitutional failure to protect. This semantic dodge will not do. Other than the factually inapplicable state-created danger cases cited above – which reflect a theory that this court has not yet accepted – appellants cite no case, and we have found none, that upholds such an ephemeral distinction.").

[29] Chavis's proposed Second Amended Complaint contained the following new allegations:

- Borden saw Rodriguez's vehicle weaving in the road before Borden pulled him over.
- Rodriguez admitted to Borden that he had been drinking "a little bit."
- Borden attempted to subject Rodriguez to a sobriety test. Rodriguez was visibly intoxicated and unable to follow Borden's directions. Borden gave up without completing the test.
- Rodriguez was too intoxicated to properly sign his name on the two tickets that Borden gave him.
- Borden repeatedly instructed Rodriguez not to drive.
- Borden ordered Rodriguez to "call somebody" to pick him up; otherwise he would "go to jail."
- After Rodriguez unsuccessfully attempted to secure a ride from a sober driver, Borden told Rodriguez, "You can spend the night there. I don't care. But you can't drive, OK?"
- The dash-cam footage depicts Rodriguez taking the keys out of his pocket and taking two steps toward the driver's side of his vehicle. The dash-cam video then cuts off. Chavis speculates that Borden witnessed Rodriguez get into his vehicle and start the engine.

10

No. 14-41205

discretion."[30] Given the unsettled state of the law in this Circuit, none of the additional allegations in Chavis's proposed Second Amended Complaint would affect our conclusion that Borden did not violate a clearly established constitutional right. The district court therefore did not abuse its discretion by denying Chavis leave to amend.

## VII.

Chavis also challenges the district court's protective order, which prohibited her from obtaining the dash-cam video depicting Borden's interactions with Rodriguez before the fatal crash. Although Chavis ultimately obtained a portion of the dash-cam video from a local TV station, she asserts that her copy of the video is incomplete. Chavis "doesn't know what's on the rest of the video," but she speculates "that it may show Rodriguez getting back into his vehicle and starting it" before Borden drove away. Chavis therefore argues that she is entitled to obtain the full video through discovery.

"Qualified immunity is a defense from both liability and suit," such that "even limited discovery on the issue of qualified immunity must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity."[31] As explained above, Chavis's pleadings do not overcome the defense of qualified immunity. The district court therefore did not err by entering the protective order.

---

[30] *McKinney*, 309 F.3d at 312 (citing *Lewis v. Fresne*, 252 F.3d 352, 356 (5th Cir. 2001)).
[31] *Heitschmidt v. City of Houston*, 161 F.3d 834, 840 (5th Cir. 1998) (citing *Vander Zee v. Reno*, 73 F.3d 1365, 1368-69) (brackets and internal quotation marks omitted, emphasis in original).

No. 14-41205

## VIII.

In addition to her § 1983 claim against Borden, Chavis also asserted various state law claims against the Tejas Rose Defendants. The district court declined to exercise supplemental jurisdiction over those claims and dismissed them without prejudice.

"When all federal claims are dismissed from the case or controversy before the district court," 28 U.S.C. § 1367(c)(3) "permits the district court to exercise 'wide discretion in determining whether to retain jurisdiction over the remaining state law claims.'"[32] As demonstrated above, the district court did not err when it dismissed the sole federal claim in this case, so the district court did not abuse its discretion by declining to exercise jurisdiction over Chavis's state law claims.

AFFIRMED.

---

[32] *Martin v. Waring Invs. Inc.*, 323 F. App'x 313, 317 (5th Cir. 2009) (quoting *Welch v. Thompson*, 20 F.3d 636, 644 (5th Cir. 1994)).