United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 10, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

—————————————————

No. 05-20994

—————————————————

KARON K CONNELLY,

                                                        Plaintiff-Appellee,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE; ET AL

                                                                    Defendants

JOHN F FANT

                                                        Defendant-Appellant.

———————————————————————————————

Appeal from the United States District Court
for the Southern District of Texas

———————————————————————————————

Before GARWOOD, WIENER, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

John Fant, one of the defendants in a retaliatory termination and employment discrimination action filed by Karon Connelly, appeals the district court's order denying him qualified immunity. For the following reasons, we find that we lack jurisdiction to hear his arguments and DISMISS his appeal.

## I. FACTS AND PROCEEDINGS

Connelly worked as an attorney for the Texas Department of Criminal Justice's ("TDCJ") State Counsel for Offenders Division ("SCFO") from November 1998 until her termination in January 2002. In the summer of 1999, she reported to a supervisor that Fant, then the Director of SCFO Legal Services, was engaging in the unauthorized practice of law. She repeated these allegations to various SCFO officials several times over the next two years, but the officials took no action. In March 2001, Connelly notified the State Bar of Texas and the Walker County District Attorney that she suspected Fant of practicing law without a license. She also obtained documents demonstrating that Fant's license was inactive and provided these to the State Bar of Texas. In April 2001, she reported Fant's alleged wrongdoing to a member of the Texas Board of Criminal Justice and its general counsel. Shortly thereafter, she was ordered to turn over the case files of her clients in preparation for a transfer. She refused to surrender the files, and instead she filed grievances against Fant and several other SCFO and TDCJ officials. Connelly's supervisor, Kenneth Florence, initiated disciplinary proceedings against her for her refusal to turn over the files, but ultimately she was never disciplined because the charge against her was not properly served.

During the summer and fall of 2001, Florence filed a series of disciplinary charges against Connelly, accusing her of falsifying travel records, being insubordinate, and failing to obey an order. She was found guilty of falsifying travel records and placed on probation; later, she was found guilty of insubordination and failure to obey an order. Shortly thereafter, she was terminated.

Connelly timely filed suit in May 2003, asserting, *inter alia*, a claim against Fant alleging retaliatory termination based on speech protected by the First Amendment. She alleged that Fant approved her termination as retaliation for her disclosures about his alleged misconduct. Fant moved

for summary judgment in the district court, (1) asserting a defense of qualified immunity and (2) arguing that Connelly could not succeed on the merits of her claims. The district court denied summary judgment on both grounds and Fant now appeals its determination on the question of qualified immunity.

## II. DISCUSSION

### A. Jurisdiction for appeals on denial of qualified immunity

Although the appellate courts ordinarily do not have jurisdiction to review a denial of a motion for summary judgment, a district court's order denying qualified immunity is immediately appealable to the extent it turns on an issue of law. *Gobert v. Caldwell*, 463 F.3d 339, 344 (5th Cir. 2006). If the defendant only argues that, contrary to the district court's determination, there is insufficient evidence in the record to support the plaintiff's version of the facts, we must dismiss the appeal for lack of jurisdiction. *See Kinney v. Weaver*, 367 F.3d 337, 347 (5th Cir. 2004) (en banc). The panel thus only has jurisdiction to determine whether Fant is entitled to qualified immunity as a matter of law, viewing all facts in the light most favorable to Connelly. *Id*. at 348. To determine whether an official is entitled to qualified immunity, the court asks (1) whether the plaintiff has alleged a violation of a constitutional right, and (2) whether the defendant's conduct was objectively reasonable in light of the clearly established law at the time of the incident. *McClendon v. City of Columbia*, 305 F.3d 314, 322–23 (5th Cir. 2002). Any arguments not addressed to these questions may not be considered on interlocutory appeal, and an appeal relying on these improperly raised arguments should be dismissed.

### B. Fant's arguments on appeal

3

On appeal, Fant does not assert that Connelly's speech was not protected from retaliation by the First Amendment. Nor does he assert that if he had retaliated against her based on this speech, such retaliation would have been objectively reasonable under clearly established First Amendment retaliation jurisprudence. Fant contends that Connelly failed to demonstrate that her speech was a motivating factor in the decision to terminate her employment. He also asserts that he "satisfied the objective reasonableness requirement" because he terminated her based on her conduct, not her speech.

Fant's first assertion is an attack on the merits of Connelly's claim. In order to ultimately succeed on her claim, Connelly must show that the exercise of her speech was a substantial or motivating factor in the decision to terminate her. *See Pierce v. Tex. Dep't of Criminal Justice*, 37 F.3d 1146, 1149 (5th Cir. 1994). Fant contends that Connelly produced insufficient evidence to show that Fant's decision to terminate her was motivated by her speech. Fant never made this argument to the district court in his motion for summary judgment, so it is foreclosed on appeal.[1] *FDIC v. Laguarta*, 939 F.2d 1231, 1240 (5th Cir. 1991). Further, as an attack on the sufficiency of the evidence supporting Connelly's underlying claim, it may not be considered for the purpose of this interlocutory appeal.

Fant's second assertion indicates that he misunderstands the nature of the objective reasonableness inquiry. Objective reasonableness in the qualified immunity context refers to whether

---

[1] As support for both of his arguments, Fant relies heavily on *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977), which held that district courts should "determine whether [a defendant can show] by a preponderance of the evidence that it would have reached the same decision . . . even in the absence of the protected conduct" if the defendant raises this defense to the merits of a First Amendment retaliation claim. Fant did not discuss the *Mt. Healthy* defense in his brief to the district court; he cited the case for its holding but never asserted that it applied. Consequently, we will not address it on appeal. *FDIC v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994).

Fant's alleged behavior was reasonable even if it was unlawful, because clearly established law did not render it a constitutional violation at the time. *Wilson v. Layne*, 526 U.S. 603, 614 (1999). Fant's argument is that his behavior was objectively reasonable because he could have terminated Connelly for her repeated misconduct, an assertion Connelly denies, pointing to the fact that the disciplinary proceedings against her began after she raised her concerns about Fant. To the extent that Fant attacks the district court's determination of the genuineness, rather than the materiality, of any dispute concerning Connelly's factual assertions, the court may not consider his argument at this juncture. Fant also failed to frame this argument within the context of First Amendment retaliation jurisprudence in the district court. Conversely, Connelly, in her response to Fant's motion, pointed to law and facts tending to establish her claim that Fant's decision to terminate her was objectively unreasonable in light of clearly established law, carrying her burden.[2] Consequently, this second attack on the district court's decision is meritless.

## III. CONCLUSION

Because Fant's arguments may not be asserted on interlocutory appeal of a denial of qualified immunity, the court lacks jurisdiction over the appeal. The appeal is DISMISSED.

---

[2] "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon*, 305 F.3d at 323.