IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-40284
Summary Calendar

ROSS LYN VALIGURA,

Plaintiff–Appellee,

v.

O. MENDOZA; R. FORD; LIEUTENANT KEMPT; FRED LANGEHENNIG,

Defendants–Appellants.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CV-0513

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Robert Ford, Dean Kempt, Fred Langehennig, and Oscar Mendoza, supervisory Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ) employees, appeal the district court's denial of their motion for summary judgment on the grounds of qualified immunity from the 42 U.S.C. § 1983 suit brought by Ross Lyn Valigura. Valigura, who was an inmate confined at a TDCJ facility, alleges appellants violated his Eighth Amendment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

right to be free from cruel and unusual punishment.  We affirm in part and dismiss the appeal in part for lack of appellate jurisdiction.

I

Valigura was incarcerated at the Garza East Unit in Beeville, Texas—a TDCJ facility.  Valigura filed this civil rights action in 2005, alleging that he was not permitted to leave his bunk during certain lockdowns and was denied adequate time to eat his meals in violation of his rights under the Eighth Amendment.  He further alleges that temperatures in the bunk area reached into the nineties and hundreds due to poor ventilation and that he was not allowed to exercise or even stretch for significant periods of time.  Additionally, Valigura contends that he was not able to use the restroom and showers without lengthy waits, which caused him severe discomfort and his personal hygiene to suffer.

Appellants filed a motion for summary judgment.  The magistrate recommended that appellants' motion be granted with respect to Valigura's claims for monetary damages against appellants in their official capacity, but denied with respect to all other claims.  The district court accepted these recommendations, including the recommendation to deny appellants' motion for summary judgment on the ground of qualified immunity.  The district court also dismissed Valigura's claims for injunctive relief as moot because Valigura was released from TDCJ custody in the period between the magistrate's recommendations and the district court's adoption.

Appellants filed an interlocutory appeal of the district court's adverse determination on qualified immunity.  Appellants argue that the district court erred by failing to explain with sufficient particularity the fact issues that overcome each appellant's entitlement to qualified immunity.  Specifically, appellants argue that they were not personally involved in the alleged constitutional deprivations, appellants' actions did not violate Valigura's

constitutional rights, and Valigura suffered no more than a de minimis injury. Appellants further argue that their actions were objectively reasonable at the time they were taken.

II

Appellate courts ordinarily do not have jurisdiction to review a denial of a motion for summary judgment.[1] However, a district court's order denying qualified immunity is immediately reviewable to the extent that it turns on an issue of law.[2] Thus, we only have jurisdiction to determine whether appellants are entitled to qualified immunity as a matter of law, viewing all facts in the light most favorable to Valigura.[3] Should an appellant argue that, contrary to the district court's determination, there is insufficient evidence in the record to support the plaintiff's version of the facts, we must dismiss the appeal for lack of jurisdiction.[4] To determine whether an official is entitled to qualified immunity as a matter of law, we must examine (1) whether Valigura has alleged a violation of a constitutional right, and (2) whether appellants' conduct was objectively reasonable given the clearly established law at the time of the events underlying the complaint.[5]

The district court found that there are factual disputes over whether all the defendants were involved in the alleged constitutional violations and whether Valigura suffered more than a de minimis physical injury. We agree

---

[1] Kinney v. Weaver, 367 F.3d 337, 346 (5th Cir. 2004) (en banc) (citing 28 U.S.C. § 1291 and Mitchell v. Forsyth, 472 U.S. 511, 530 (1985)).

[2] Connelly v. Tex. Dep't of Criminal Justice, 484 F.3d 343, 345 (5th Cir. 2007).

[3] Id. at 436.

[4] Kinney, 367 F.3d at 346-47.

[5] Connelly, 484 F.3d at 346 (citations omitted).

with the district court that Valigura's allegations in this regard are material.[6] To the extent appellants challenge the sufficiency of the evidence, we lack jurisdiction on interlocutory appeal.[7]

Appellants also argue that Valigura's allegations do not amount to a constitutional deprivation. To establish an Eighth Amendment conditions of confinement claim, Valigura must establish "'first, that the deprivation alleged was sufficiently serious (i.e., an official's act or omission must have resulted in the denial of the minimal civilized measure of life's necessities); and second, that the prison official possessed a sufficiently culpable state of mind.'"[8]

The magistrate found that based on the summary judgment evidence, and a jury's belief of such evidence, that after fifteen days of being confined to a bunk for 24 hours a day except to use the bathroom and to shower on occasion, sack lunches only for the first week, all meals eaten in the cell, and temperatures above the eighties and into the hundreds, appellants deprived Valigura of the minimal civilized measure of life's necessities required by the Eighth Amendment.[9] In accepting the magistrate's recommendations, the district court did not err in concluding that should a jury believe Valigura's allegations, appellants deprivations are sufficiently serious to implicate the minimal civilized measure of life's necessities. We have held that temperatures consistently in the nineties without remedial measures, such as fans, ice water, and showers,

---

[6] Kinney, 367 F.3d at 347 ("'[W]e can review the materiality of any factual disputes, but not their genuineness.'" (quoting Wagner v. Bay City, 227 F.3d 316, 320 (5th Cir. 2000))).

[7] Id. at 346-47.

[8] Burleson v. Tex. Dep't of Criminal Justice, 393 F.3d 577, 589 (5th Cir. 2004) (quoting Herman v. Holiday, 238 F.3d 660, 664 (5th Cir. 2001) (internal quotation marks omitted)).

[9] Hudson v. McMillian, 503 U.S. 1, 8-10 (1992) ("[O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal quotation marks omitted))).

sufficiently increase the probability of death and serious illness so as to violate the Eighth Amendment.[10] Further, we have held that in "particular circumstances 'a deprivation [of exercise] may constitute an impairment of health forbidden under the eighth amendment.'"[11] Here, Valigura presents evidence that he was not permitted to get up from his bunk to stretch his legs or to get a drink of water. Combined with the excessive heat and other potential denials of life's basic necessities, Valigura presents evidence to support a finding of an Eighth Amendment violation.

As to the second prong, the district court found that there was a factual dispute over whether appellants possessed a sufficiently culpable state of mind. We do not have jurisdiction to review that finding. Accordingly, the district court properly found that Valigura has survived summary judgment.

## III

Lastly, appellants argue that their actions were objectively reasonably in light of the information and circumstances that existed at the time. The district court found that genuine issues of fact exist as to why and how the bunk restrictions were imposed. However, the district court did not analyze whether appellants' violated clearly established law. As we have held, "officials enjoy qualified immunity to the extent that their conduct is objectively reasonable in light of clearly established law."[12]

For a right to be clearly established "for purposes of qualified immunity, 'the contours of the right must be sufficiently clear that a reasonable official

---

[10] Gates v. Cook, 376 F.3d 323, 339-40 (5th Cir. 2004) (affirming district court injunction).

[11] Ruiz v. Estelle, 679 F.2d 1115, 1152 (5th Cir. 1982) (quoting Miller v. Carson, 563 F.2d 741, 751 n.12 (5th Cir. 1977)), vacated in part on other grounds, 688 F.2d 266 (5th Cir. 1986).

[12] Kinney, 367 F.3d at 346 (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

would understand that what he is doing violates that right.'"[13]  In September 2004—the earliest point in time of Valigura's allegations—it was clearly established that Valigura had a right to be free from cruel and unusual punishment.[14]  As discussed above, requiring an inmate to remain on his bunk almost twenty-four hours a day for several days in a row in temperatures into the nineties and hundreds are allegations that are sufficiently serious to implicate the minimal civilized measure of life's necessities.[15]  Additionally, the contours of these rights were sufficiently clear at the time of the alleged deprivation.[16]  Accordingly, we reject appellants' argument that their actions were objectively reasonable.

\* \* \*

For the foregoing reasons, we AFFIRM the judgment of the district court in part; DISMISS in part; and REMAND the cause for further proceedings.

---

[13] Id. at 349-50 (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)).

[14] See, e.g, Hope v. Peltzer, 536 U.S. 730 (2002) (infliction of pain that is totally without penological justification violates the Eighth Amendment).

[15] Gates, 376 F.3d at 339-40; Ruiz, 679 F.2d at 1152.

[16] Gates, 376 F.3d at 339-40.